## Asher v. Asher.

### Appeal from Bell Circuit Court.

(Decided December 15, 1910.)

1. Land—Contract to Purchase—Instruction to Jury—Reasonable Time
   —Question For Jury.—On a contract by A. J. A. with E. G. A. to
   pay 25 cents per acre for all lands purchased by E. G. A. on cer-
   tain streams, for $5.50 per acre, and ten cents per acre on lands
   costing over $5.50, one half of the commission to be paid when
   the lands were turned in and the balance when the lands were
   surveyed and taken up with a good title, the jury returned a ver-
   dict for $1,380.00. The only ground for reversal urged, is that
   the court erred in the following instruction: "If the jury find for
   the plaintiff under instruction No. 3, they will find the further
   sum of 12 1-2 cents per acre on all lands which they believe from
   the evidence the defendant surveyed, abstracted, accepted paid
   for and received deeds for, as well as all other land embraced
   in said contract and which the defendant had a reasonable time
   after the making of the contract and prior to the bringing of this
   suit to survey, abstract, pay for, and procure deeds conveying to
   him a good title thereto. Held, what is a reasonable time is
   usually a question for the jury to be determined by all the cir-
   cumstances shown by the evidence. In the absence of proof to
   the effect that the work could not reasonably have been done
   in two months we cannot say that the court erred in refusing to
   hold as a matter of law that two months was not a reasonable
   time.

2. Same.—Where there is any evidence the question is for the jury,
   and as the quantity of land was shown and its location we can-
   not say that the court erred in submitting the question to the
   jury.

EDELEN & DAVIS, and N. J. WELLER for appellant.

METCALFE & JEFFRIES, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

A. J. Asher entered into a written contract with E.
G. Asher by which he agreed to pay him 25 cents an
acre for all lands that E. G. Asher should purchase on
certain streams for $5.50 an acre and 10 cents an acre
commission on lands costing over $5.50, one-half of his
commission to be paid when the lands were turned in
and the remainder to be paid when the lands were sur-
veyed and taken up with a good title. E. G. Asher
brought this suit upon the contract, alleging that he had

bought for A. J. Asher a large quantity of land; that after he had turned the land in, A. J. Asher had agreed with him to pay him 25 cents an acre on all the land if he would help get it surveyed and help get the matters closed up, and that this he had done. He also alleged that Asher had agreed to pay him 50 cents an acre thereafter for buying certain lands, which he had bought. He brought this suit to recover the entire commission less $570, which had been paid him. A. J. Asher filed an answer in which he traversed the allegations of the petition, and alleged that he had already paid E. G. Asher more than was coming to him. The case was submitted to a jury who found for E. G. Asher in the sum of $1,380. The court entered judgment on the verdict, and A. J. Asher appeals.

The only ground for reversal urged by the distinguished counsel for the appellant is that the court erred in giving to the jury the following instruction:

"If the jury find for plaintiff under instruction No. 3, herein they will find for plaintiff the further sum of twelve and one-half cents (12 1-2) per acre on all lands which they believe from the evidence herein the defendant surveyed, abstracted, accepted, paid for and received deeds for, as well as all other land embraced in said contract and which the defendant had a reasonable time after the making of said contract, and prior to the bringing of this suit to survey, abstract, accept, pay for and procure deeds conveying to him good title thereto."

It is insisted that the court erred in telling the jury that they should find for the plaintiff for the other lands embraced in the contracts which the defendant had a reasonable time after the making of the contracts, and prior to the bringing of the suit to survey, abstract and procure deeds conveying good title thereto. A. J. Asher had given to E. G. Asher a blank contract to be signed by the persons from whom he procured the lands. This contract provided that the survey was to be made as soon as it could be reasonably done, and the price was to be paid after the acreage was ascertained and the title abstracted. E. G. Asher had turned in all of the contracts taken under the original agreement about two years before the suit was brought, but two of the contracts which he claimed were taken under the last agreement were turned over in October before the suit was brought in December, or about two months before the suit was brought. A. J. Asher testified that he had but one

contract with the defendant, and that these tracts were bought under that contract, and not under a new contract; so the question arises, did the circuit court err in submitting to the jury whether A. J. Asher had had a reasonable time to survey these lands and abstract the title before the suit was brought when in fact the time which he had for this purpose was shown to be a little over two months? What is a reasonable time is usually a question for the jury, to be determined by all the circumstances shown by the evidence. In the absence of proof to the effect that the work could not reasonably have been done in two months, we cannot say that the court erred in refusing to hold as a matter of law that two months was not a reasonable time. The surveying and abstracting could have been done at the same time, because the persons who would do the surveying would not be the persons who would do the abstracting, and there is nothing in the record to show that two months would not be a reasonable time for doing either of these. It is true there is no testimony that two months would be a reasonable time, but where there is any evidence the question is for the jury; and as the quantity of land was shown and its location, we cannot say that the court erred in submitting the question to the jury.

Judgment affirmed.