## Sandman v. Sheridan.

(Decided November 20, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Sales—Reasonableness of Time for Clearing Title Depends Upon Particular Facts.—There is no fixed rule as to what is a reasonable time for seller of a business to procure a clear title, on buyer's objection that certain things be done by seller, but the reasonableness of the time taken depends upon the facts and circumstances surrounding each transaction.

2. Sales—Whether Eight Days Reasonable Time for Clearing Title Held for Jury.—In seller's action for buyer's refusal to accept billiard parlor business, defended on the ground that seller did not furnish a clear title within a reasonable time following buyer's objection thereto, the question of whether eight days was a reasonable time for seller to comply with his contract requiring him to convey a clear and absolute title held for the jury.

ALLEN P. DODD for appellant.

W. A. SPINDLER and GARNER CLARK for oppellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On the 12th of March, 1920, appellee proposed to appellant in writing to buy from him, for $3,500.00 in cash, the Gibson Billiard Parlors in Louisville, together with the fixtures and other property used in connection with and incidental to that business, appellant to convey same to Sheridan "Free and clear of any and all claims, debts and liens, against or upon the same, by a proper bill of sale of a clear and absolute title thereto."

On that day appellant in writing accepted the offer, and appellee employed an attorney to assist him in clearing up all these matters, whereupon appellant furnished to the attorney all the papers he had concerning the business, and a list of creditors and their names and addresses.

On the 16th of March that attorney, after investigation of the records and of the papers submitted to him by appellant, and after correspondence with certain of the creditors named in the list, wrote a letter to appellee, his client, stating the result of his investigation and suggesting that certain things should be done before the transaction was completed, and a copy of this letter was sent to appellant.

On the 19th of March appellant, conceiving he had complied with the terms of the contract, tendered to appellee a regular bill of sale for the property, but appellee declined to accept same, or close the deal, because certain matters had not been cleared up to his satisfaction. At that time appellee notified appellant if the matter was not in shape on the following day, March 20th, by nine o'clock A. M. in accordance with the terms of the agreement, he would call the whole matter off.

It appears that when the bill of sale was tendered on the 19th there were some matters which had not been adjusted by appellant in accordance with his undertaking in the agreement, but that on or about the 22nd or 23rd of March appellant had sufficiently cleared up all these matters and was at that time able to transfer to appellee such a title to the property as he undertook to do.

Appellee having declined after the 20th of March to carry out his agreement, appellant brought this action for damages because of his alleged failure and refusal to comply therewith.

The contract contains no specific time within which it was to be carried out, and consequently it must be that the parties had in mind appellant should have a reasonable time within which to do the things he was required by the contract to do, so that he could give appellee such title as he contracted for. On a trial, at the conclusion of the plaintiff's evidence, the court being of opinion as a matter of law that eight days was a reasonable time for appellant to comply with his contract, and that he having failed to do so within that time, appellee had a right to thereafter refuse to comply, and directed a verdict for defendant, although it is said in the opinion of the court that shortly after the 20th of March appellant was in position to have made a sufficient bill of sale under the terms of the contract.

As we have reached the conclusion that this was error, and there must be another trial of this action, it appears to be unnecessary to go into the details of the evidence.

There can be no fixed rule laid down as to what is a reasonable time in any and all conditions; from the nature of things it must depend upon the facts and circumstances surrounding each transaction, as well as the situation of the parties at the time. What would be a reasonable time in one case might be wholly unreasonable in another, and it has therefore been many times laid down by this court

that the determination of that question is generally one to be submitted to the jury.

It is apparent that reasonable minds might differ about whether eight days, or any given number of days, was a reasonable time under the facts and circumstances in evidence here in which appellant might have complied with the things required of him by the contract, and the court should therefore have submitted to the jury the question of whether or not appellant was ready and offered to comply with his undertaking within a reasonable time. Eastern Ky. Mineral & Timber Co. v. Swann-Day Lumber Co., 148 Ky. 82; Asher v. Asher, 141 Ky. 268; Killebrew v. Murray, 151 Ky. 345; Paducah Packing Co. v. Polk & Co., 30 R. 979; Taylor, Jr. & Sons v. Louisville Public Warehouse Co., 24 R. 1656; Dick v. Clark, Jr., Electric Co., 161 Ky. 622.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.